UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-027 JD |
| | ) |
| ALICIA A. ECKERT, | ) |
| | ) |
| Defendant. | ) |

**<u>OPINION AND ORDER</u>**

Now before the Court is the United States of America's motion for default judgment. [DE 6]. The United States filed this action to collect on a student loan that was in default. The defendant, Alicia A. Eckert, was served with a summons but did not respond to the complaint or appear in the action. The United States thus moved for an entry of default, which the Clerk entered, after which the United States filed its motion for default judgment.

Despite Ms. Eckert's failure to appear, the Court cannot grant the motion for default judgment, as none of the filings in this case other than the summons have been served on Ms. Eckert. Under Rule 5(a), all filings in a case must be served on each party unless the party "is in default for failing to appear." Fed. R. Civ. P. 5(a)(1), (2). Ms. Eckert was placed in default when the Clerk entered default on March 30, 2018. [DE 5]. However, the United States' motion for entry of default—which necessarily preceded the actual entry of default—was not served on Ms. Eckert (or at least the United States has not filed a certificate of service). The Clerk's entry of default was not sent to Ms. Eckert, either, nor did the United States serve her with its motion for default judgment. Thus, as far as the docket reflects, Ms. Eckert has not been given notice of any activity in this case since the filing of the complaint. Ms. Eckert's failure to appear and file an answer as required by the summons may yet justify a default, but given that she has not been

served with any subsequent filings in this case, the Court cannot find at this time that she has "exhibited a willful refusal to litigate the case properly" and a "willful choice not to exercise even a minimal level of diligence," as is required to justify a default judgment. *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Given Ms. Eckert's lack of notice of these subsequent filings, the Court DENIES the motion for default judgment [DE 6] and VACATES the entry of default. *See* Fed. R. Civ. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385–86 (7th Cir. 2008). The United States may apply for a new clerk's entry of default, but it must serve Ms. Eckert with that filing.

SO ORDERED.

ENTERED: June 29, 2018

                                              /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court