UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:18-CV-027 JD |
| ALICIA A. ECKERT, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is the United States of America's motion for default judgment. [DE 10]. The United States filed this action to collect on a student loan that was in default. The defendant, Alicia A. Eckert, did not respond to the complaint or appear in the action. The United States has now moved for a default judgment, and Ms. Eckert still has not appeared or responded. Accordingly, the motion is granted.

Ms. Eckert signed a promissory note in November 2000 to secure a loan from the Department of Education. The loan was disbursed in the amounts of $32,980.46 and $20,661.11 in January 2001 at 8.25% interest per annum. The loan went into default in March 2008, at which time $10,767.50 in unpaid interest was capitalized. As of December 5, 2017, the outstanding balance included $64,409.07 in principal plus $58,761.61 in interest. [DE 10-1]. Interest continues to accrue on the principal at a rate of 8.25 percent.

The United States filed this action on January 16, 2018, and served the summons on Ms. Eckert by certified mail on January 22, 2018. Ms. Eckert did not answer the complaint or appear in this action, so the United States moved for a clerk's entry of default, which the Clerk entered on March 30, 2018. The United States then moved for a default judgment, but the Court denied the motion and vacated the entry of default because the docket did not reflect that Ms. Eckert had

been served with the motion for entry of default. [DE 7]. The United States then moved again for entry of default, and served that motion on Ms. Eckert. [DE 8]. The Clerk accordingly entered default against Ms. Eckert, and a copy of that filing was served on Ms. Eckert as well. [DE 9]. On July 6, 2018, the United States again moved for a default judgment, certifying that Ms. Eckert is not a minor or incompetent, and that she is not currently on active military duty. [DE 10]. The United States also submitted a declaration attesting to the amounts due. Ms. Eckert has not appeared or moved to set aside the default, nor has she given any indication that she intends to defend this action.

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The clerk has done so here. [DE 9]. Accordingly, the court may now enter a default judgment under Rule 55(b)(2). However, the court must exercise its discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evinced by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

A default judgment is warranted here. In the six months since this case was filed, Ms. Eckert has not appeared or given any indication that she intends to defend the action, despite

having been served with the complaint and the entry of default. That reflects a willful refusal to litigate the case, warranting a default judgment.

Upon a default judgment, all well-pleaded factual allegations of the complaint will be taken as true. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Here, the complaint alleges that Ms. Eckert signed a promissory note to secure a loan, but that she has failed to meet her obligations under the loan and is in default, and has failed to pay the outstanding amounts. Therefore, the United States has proven that it is entitled to judgment on its claim against Ms. Eckert.

While the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the amount of damages must still be proved. *Wells*, 688 F.3d at 892. The United States has met its burden in that respect with a declaration attesting to the outstanding balances. [DE 10-1]. Such a declaration signed under the penalty of perjury satisfies the United States' burden at this stage, *O'Brien*, 998 F.2d at 1404, so the Court finds that the United States is entitled to a default judgment in the amounts set forth in its motion.

For those reasons, the Court GRANTS the motion for a default judgment. [DE 10].

IT IS THEREFORE ORDERED THAT judgment is now entered in favor of the plaintiff, Unites States of America, against defendant, Alicia A. Eckert, in the sum of $123,170.68, (principal of $64,409.07, costs of $.00, and interest of $58,761.61 through December 5, 2017);

IT IS FURTHER ORDERED THAT judgment is now entered in favor of the plaintiff, United States of America, for interest on the principal after December 5, 2017 to date of judgment at the rate of 8.25% per annum;

IT IS FURTHER ORDERED THAT post-judgment interest shall accrue at the legal rate pursuant to 28 U.S.C. § 1961(a) and shall be computed daily and compounded annually from the date of execution of this judgment until paid in full; and

IT IS FURTHER ORDERED THAT the United States of America shall have judgment for $400.00 for costs of the suit: including but not limited to, filing fee of $350.00 and administrative fee of $50.00 as authorized by 28 U.S.C. § 1914 and 412(a)(2).

SO ORDERED.

ENTERED: July 30, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court